## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.

**RONETTE PERKINS,**

     **Plaintiff,**

**v.**

**ZYNEX MEDICAL, INC., a Colorado corporation,**

     **Defendant.**

---

## COMPLAINT

---

Plaintiff Ronnette Perkins ("Perkins" or "Plaintiff") states the following Complaint against Defendant Zynex Medical, Inc. ("Zynex" or "Defendant").

### NATURE OF ACTION

Perkins brings this action for damages as a result of Defendant's discrimination against her on the basis of race in violation of Title VII, 42 U.S.C. § 2000e and C.R.S. §24-34-102.

### PARTIES

1.    Perkins is a female African-American citizen of the State of Colorado and a member of a protected class of individuals recognized under 42 U.S.C. §2000e-2, which prohibits racial discrimination, inter alia

2.    Defendant Zynex is a Colorado corporation. It is an "employer" as defined in Title VII, 42 U.S.C. §2000e et seq.

3.    Perkins was employed by Defendant during all relevant time periods.

## JURISDICTION

4.      Jurisdiction is invoked pursuant to 28 U.S.C §§451, 1331, 1337 and 1343.  This action is authorized and instituted pursuant to §§703, 704 and 706(f)(3) of Title VII, 42 U.S.C. §§2000e-2,  2000e-3 2000e-5(f)(3), and 1981. The Court has continuing jurisdiction to hear Plaintiff's state law claims in accordance with Fed.R.Civ.P. 18(a).

## ADMINISTRATIVE PROCEDURES

5.      Perkins has timely and properly exhausted her administrative remedies by filing an initial Charge with the Colorado Civil Rights Division (Charge No. E2016484) and the Equal Employment Opportunity Commission ("EEOC" (Charge No. 32A-2016-00090)) on November 24, 2015, based upon grounds of race discrimination.

6.      This lawsuit is timely filed within 90 days after Perkins' receipt of a Notice of Right to Sue from the Colorado Civil Rights Division November 3, 2016.

## FACTUAL ALLEGATIONS

7.      Perkins incorporates by reference the allegations set forth above.

8.      Perkins began work with Defendant on October 7, 2013, in the Customer Service department.

9.      During her employment Perkins was one of only a handful of African Americans in the whole company.

10.      Perkins was the only African-American in the Customer Service Department.

11.      At all relevant time periods, Diane Gentry was Defendant's Customer Service Manager, Thomas Sandgaard was the owner/CEO.

12.      Defendant is a medical device manufacturer that produces and markets electrotherapy devices worldwide.

13.     On or about January 2016, Defendant employed one hundred and twenty-five (125) individuals.

14.     On or about September 10, 2015, Perkins was contacted by a former co-worker who informed Perkins that Perkins was terminated because of her race.

15.     The former co-worker also told Perkins that on or about August 10, 2015, Sandgaard stated Perkins was "the last of her kind." The former co-worker asked Sandgaard what he meant by that to which Sandgaard confirmed his statement was referring to Perkins race.

16.     The former co-worker immediately reported the incident to Tammy Walsh, Human Resources

17.     Four days later, on or about August 14, 2015, Perkins was notified by Walsh that Perkins was being "laid off" immediately and without warning.

18.     Perkins was never written up or verbally counseled during her employment.

19.     Perkins had five different managers during the time she was employed with Defendant.

20.     Only one of the five managers was an African-American and that manager was also "laid off."

## FIRST CLAIM
### (Race Discrimination Title VII of the Civil Rights Act of 1964)

21. Perkins incorporates by reference the allegations set forth above.

22. Perkins is an African-American.

23. Defendant willfully and intentionally subjected Perkins to race discrimination.

24. Defendant knew its actions violated Title VII or was recklessly indifferent in that regard.

25. As a result of Defendant's actions, Perkins suffered damages.

## SECOND CLAIM
### (Race Discrimination C.R.S. 24-34-402)

26.     Perkins incorporates by reference the allegations set forth above.

27.     Perkins is an African-American.

28.      Defendant willfully and intentionally subjected Perkins to race discrimination.

29.     Defendant knew its actions violated the Colorado Anti-Discrimination Act or was recklessly indifferent in that regard.

30.     As a result of Defendant's actions, Perkins suffered damages.

WHEREFORE, Perkins respectfully requests that this Court enter judgment in her favor and against Defendant, and award her damages for back pay, front pay and benefits, personal humiliation, severe emotional pain, inconvenience, mental anguish, future pecuniary loss and loss of enjoyment of life, punitive damages, liquidated damages, penalties, costs, interest and expert fees, attorneys fees, and such other and further relief as this Court deems proper.

## PLAINTIFF DEMANDS A TRIAL BY JURY

Dated this 24th day of January, 2017.

BACHUS & SCHANKER, LLC

*s/ Sara A. Green*
_____
Sara A. Green
1899 Wynkoop Street, Suite 700
Denver, CO 80202
303-893-9800