**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:17-cv-00213-MJW

RONETTE PERKINS,

    **Plaintiff**,

v.

ZYNEX MEDICAL, INC., a Colorado corporation,

    **Defendant.**

**ANSWER, AFFIRMATIVE DEFENSES, AND JURY DEMAND**

Defendant Zynex Medical, Inc. ("Zynex"), by and through undersigned counsel and pursuant to Fed. R. Civ. P. 12, hereby submits the following Answer, Affirmative Defenses, and Jury Demand to Plaintiff's Complaint:

## Answer to Complaint

The following numbered paragraphs correspond with, and respond to, the identically numbered paragraphs in Plaintiff's Complaint.

### Nature of Action

Zynex denies any discrimination against Plaintiff, denies any violation of 42 U.S.C. § 2000e or C.R.S. § 24-34-102, and denies any allegations of fact contained within the unnumbered "Nature of Action" paragraph of the Complaint. Zynex affirmatively states that Plaintiff was laid off in August of 2015 based on several performance indicators and as part of company-wide layoffs required by financial constraints. Plaintiff's termination was in no way

motivated by racial considerations. Zynex has always employed numerous African American and other minority employees, and continues to do so today.

## Parties

1. Upon information and belief, Zynex admits that Plaintiff is a female African-American citizen of the State of Colorado. The remaining allegations contained in Paragraph 1 of the Complaint consist of conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

2. Zynex admits that it is a Colorado corporation. The remaining allegations contained in Paragraph 2 of the Complaint consist of conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

3. Zynex admits that it employed Plaintiff from October 7, 2013 to August 14, 2015. Zynex denies all other allegations contained in Paragraph 3 of the Complaint.

## Jurisdiction

4. The allegations contained in Paragraph 4 of the Complaint consist of conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

## Administrative Procedures

5. Zynex admits that Plaintiff filed a Charge of Discrimination with the Colorado Civil Rights Division (CCRD Charge No. E20160484) and the Equal Employment Opportunity Commission (EEOC Charge No. 32A-2016-00090) on November 24, 2015 alleging race discrimination. Otherwise, denied.

6. Zynex admits that Plaintiff was mailed a Notice of Right to Sue letter from the Colorado Civil Rights Division on October 27, 2016, and that this lawsuit was filed on January 24, 2017. Zynex lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 6 of the Complaint, and therefore denies same.

## Factual Allegations

7. Zynex incorporates by reference all responses and averments contained within its Answer and Affirmative Defenses.

8. Admitted.

9. Denied.

10. Denied.

11. Admitted.

12. Admitted.

13. Zynex admits that on or about January 2016, Zynex employed approximately 125 individuals. Otherwise, denied.

14. Zynex denies that Plaintiff was terminated because of her race. Zynex lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 14 of the Complaint, and therefore denies same.

15. Zynex denies that Mr. Sandgaard ever told Plaintiff's former co-worker or anyone else that Plaintiff was "the last of her kind" or that he intended to terminate Plaintiff because of her race. Zynex lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 15 of the Complaint, and therefore denies same.

16.     Zynex admits that the former co-worker mentioned to Tammy Walsh, Zynex's Human Resources Manager, that the former co-worker had a conversation with Mr. Sandgaard regarding Plaintiff.  Zynex denies that the former co-worker reported that Mr. Sandgaard referred to Plaintiff as the "last of her kind," denies that the former co-worker reported any discussion with Mr. Sandgaard about terminating Plaintiff because of her race, and denies all remaining allegations contained in Paragraph 16 of the Complaint.

17.     Zynex admits that by letter dated August 14, 2015, Plaintiff was notified that she was being laid off as of August 14, 2015.  Otherwise, denied.

18.     Denied.

19.     Zynex admits that Plaintiff had approximately five direct managers during the time she was employed with Zynex.  Otherwise, denied.

20.     Zynex admits that one of Plaintiff's direct managers was African-American and admits that that manager was laid off in 2013 as part of a restructure that combined two departments, which was required by financial restraints caused by dramatically decreased orders. Multiple other Caucasian managers were also laid off in 2013, 2014, and 2015 due to downsizing required by financial/cash flow issues and dramatically decreased orders and revenue. Otherwise, denied.

## First Claim
### (Race Discrimination Title VII of the Civil Rights Act of 1964)

21.     Zynex incorporates by reference all responses and averments contained within its Answer and Affirmative Defenses.

22.     Admitted.

23.     Denied.

24. Denied.

25. Denied.

## Second Claim
### (Race Discrimination C.R.S. § 24-34-402)

26. Zynex incorporates by reference all responses and averments contained within its Answer and Affirmative Defenses.

27. Admitted.

28. Denied.

29. Denied.

30. Denied.

Zynex denies that Plaintiff is entitled to the relief requested in the Complaint's request for relief, and denies any allegations of fact contained therein.

**All averments, allegations, or other statements in the Complaint not specifically admitted are expressly denied.**

## Affirmative Defenses

Zynex and its counsel have not yet had an opportunity to conduct a full investigation into the facts of this case or to conduct discovery. Therefore, the defenses being set forth herein are pled alternatively or hypothetically pursuant to Fed. R. Civ. P. 8(d)(2). Zynex reserves the right to add or remove affirmative defenses as additional facts are learned through investigation and discovery.

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2. Plaintiff's claims are barred or limited because Zynex's actions with respect to Plaintiff were undertaken in good faith and for legitimate, non-discriminatory reasons. Zynex terminated Plaintiff based on several performance indicators and as part of company-wide layoffs required by financial constraints.

3. Plaintiff's claims are barred or limited because Plaintiff was an at-will employee, subject to termination at any time, for any reason, with or without notice.

4. Plaintiff's claims are barred or limited under the doctrines of issue preclusion and/or claim preclusion as a result of the Colorado Civil Rights Division's findings and determination that the claim of racial discrimination brought by Plaintiff's former co-worker, which was based on substantially the same allegations contained in Plaintiff's Complaint, lacked probable cause.

5. Plaintiff's claims are barred or limited because Plaintiff cannot establish a *prima facie* claim necessary to recover under Title VII of the Civil Rights Act of 1964 or under the Colorado Anti-Discrimination Act.

6. Plaintiff's claims are barred or limited because even if Plaintiff could establish a *prima facie* claim under Title VII of the Civil Rights Act of 1964 or under the Colorado Anti-Discrimination Act, she cannot establish that Zynex's legitimate, non-discriminatory reasons for its actions were a pretext for discrimination.

7. Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

8. Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to satisfy the applicable filing and notice requirements under Title VII of the Civil Rights Act of 1964 and under the Colorado Anti-Discrimination Act.

9. Plaintiff's claims are barred, in whole or in part, by her failure to exhaust administrative remedies.

10. Plaintiff's Complaint fails to state a claim upon which an award of punitive damages, enhanced damages, or consequential damages may be granted.

11. Plaintiff's claim for punitive damages is barred or limited under C.R.S. § 24-34-405(3)(b)(I) and/or 42 U.S.C. § 1981a(b)(1) because Zynex did not engage in any discriminatory or unfair employment practice with malice or reckless indifference to the rights of Plaintiff, because Zynex engaged in good-faith efforts to comply with the Colorado Anti-Discrimination Act and Title VII of the Civil Rights Act of 1964, and because Zynex engaged in good-faith efforts to prevent discriminatory and unfair employment practices in the workplace.

12. Plaintiff's claims for damages are barred or limited by the damages caps under C.R.S. § 24-34-405(3)(d)(I) and 42 U.S.C. § 1981a(b)(3).

13. Plaintiff's claims fail for lack of damages and for lack of causation.

14. Plaintiff has failed to mitigate her alleged damages, and such damages are barred or limited by her failure to mitigate.

15. Plaintiff's claims are barred in whole or in part by the doctrines of laches, waiver, and/or estoppel.

16. Plaintiff's claims are barred or limited under the doctrine of unclean hands.

17.   Zynex is entitled to an award of its attorney's fees, expert fees, costs, and expenses under 42 U.S.C. § 2000e-5(k).

18.   Plaintiff's claims are frivolous, groundless and vexatious, and Zynex is entitled to an award of its attorneys' fees, costs and expenses under C.R.S. § 24-34-405(5).

## **Jury Demand**

Zynex hereby demands a trial by jury on all claims and issues so triable.

WHEREFORE, Defendant Zynex Medical, Inc. respectfully requests that that the Court dismiss with prejudice Plaintiff's Complaint, award Zynex Medical, Inc. its attorney's fees and costs under 42 U.S.C. § 2000e-5(k), C.R.S. § 24-34-405(5), and as otherwise allowed by law, and enter such further and other relief as the Court deems just and proper.

Respectfully submitted this 2nd day of March, 2017.

 S/ Dana L. Eismeier  
Dana L. Eismeier (#14379)  
Erik K. Schuessler (#42595)  
BURNS, FIGA & WILL, P.C.  
6400 S. Fiddlers' Green Circle, Suite 1000  
Greenwood Village, CO  80111  
Phone Number:   303-796-2626  
Fax Number:   303-796-2777  
E-mails:   deismeier@bfwlaw.com  
        eschuessler@bfwlaw.com  

**Attorneys for Defendant**  
**Zynex Medical, Inc.**

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 2nd day of March, 2017, I electronically filed the foregoing **ANSWER, AFFIRMATIVE DEFENSES, AND JURY DEMAND** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following or deposited a copy of the filing in the United States mail, postage prepaid, addressed as follows:

Sara A. Green, Esq.
Bachus & Schanker, LLC
1899 Wynkoop Street
Suite 700
Denver, Colorado  80202

 S/ Dana L. Eismeier
Dana L. Eismeier (#14379)
Erik K. Schuessler (#42595)
BURNS, FIGA & WILL, P.C.
6400 S. Fiddlers' Green Circle, Suite 1000
Greenwood Village, CO  80111
Phone Number:     303-796-2626
Fax Number:          303-796-2777
E-mails:                   deismeier@bfwlaw.com
                                 eschuessler@bfwlaw.com